UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LINDA BASDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 5:12-cv-03448-JHE |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION,[1] ) | |
| ) | |
| Defendant. | |

## MEMORANDUM OPINION[2]

Plaintiff Linda Basden ("Basden") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB"). Basden timely pursued and exhausted her administrative remedies. The case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is AFFIRMED.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 13).

[2] Carolyn W. Colvin was named the Acting Commissioner on February 14, 2013. See http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security."). Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin for Michael Astrue in the case caption above.

## I. Factual and Procedural History

Basden was a fifty-two year old female at the time of her hearing before the Administrative Law Judge ("ALJ") on August 16, 2010. (Tr. 61). Basden has a seventh grade education. (Tr. 73).[3] Basden previously worked as a certified nursing assistant and a packager on an assembly line. (Tr. 75-76).

Basden filed her application for DIB on March 17, 2009, alleging an initial onset date of October 23, 2008. (Tr. 91, 118). The Commissioner denied Basden's application for DIB, (Tr. 91-92), and Basden requested a hearing before an ALJ. (Tr. 100). After a hearing, the ALJ denied Basden's claim on October 22, 2010. (Tr. 35). Basden sought review by the Appeals Council, but it declined her request on July 26, 2012. (Tr. 1-3). On that date, the ALJ's decision became the final decision of the Commissioner. On September 25, 2012, Basden initiated this action.  (*See* doc. 1).

## II. Standard of Review[4]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233,

---

[3] Basden quit school in the "middle of the eighth grade." (Tr. 73). Basden testified she quit because she was "real far behind in school, and . . . in special ed some." (Tr. 74).

[4] In general, the legal standards applied are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[5] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

---

[5]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4) whether the claimant can perform his or her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Basden met the insured status requirements of the Social Security Act through March 31, 2013, and that Basden had not engaged in substantial gainful activity since October 23, 2008, the alleged onset date of her disability. (Tr. 24). At Step Two, the ALJ found Basden has the severe impairment rheumatoid arthritis. (*Id.*). At Step Three, the

ALJ found Basden does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25).

Before proceeding to Step Four, the ALJ determined Basden's residual functioning capacity ("RFC"), which is the most a claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined Basden has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b), with the restriction that Basden cannot climb ladders, ropes or scaffolds, but could occasionally handle and finger bilaterally. (Tr. 25).

At Step Four, the ALJ determined Basden is unable to perform any past relevant work. (Tr. 33). At Step Five, the ALJ determined, based on Basden's age, education, work experience,[6] and residual functional capacity, there are jobs that exist in significant numbers in the national economy Basden could perform. (Tr. 34). Therefore, the ALJ denied Basden's claim. (Tr. 35).

## V. Analysis

### A.   Introduction

Although the court may reverse a finding of the Commissioner only if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672

---

[6] Basden was born on August 4, 1959, and was forty-nine years old, which is defined as a younger individual age eighteen to forty-nine, on the alleged disability onset date. Basden subsequently changed age category to closely approaching advanced age. (Tr. 33). Basden has a limited education and is able to communicate in English. (*Id.*). The ALJ found transferability of job skills is not material to the determination of disability because, using the Medical-Vocational Rules as a framework, supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (*Id.*); *see also* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2.

F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Basden contends the ALJ's decision is not supported by substantial evidence and should be reversed and remanded for the following reasons:

1) The record is incomplete because there is no medical source opinion containing a function by function analysis ; (*Id*. at 5)

2) Basden's RFC is inconsistent with the Regulations' definition of light work; (*Id*. at 7) and

3) The ALJ improperly relied on unreliable testimony from a vocational expert; (*Id*. at 9).

Basden also contends the decision should be reversed and remanded because (4) the ALJ should have applied Medical Vocational rule 201.14. (*Id*. at 10).

### B. The ALJ's RFC Assessment that Basden can Perform a Reduced Range of Light Work is Supported by Substantial Evidence

As explained above, a claimant's RFC is the most she can do despite her limitations. 20 C.F.R.§ 404.1545(a); SSR 96-8p, 1996 WL 374184. This finding, as all of the ALJ's findings, must be supported by substantial evidence. The ALJ found Basden could perform a reduced range of light work. In reaching this conclusion, the ALJ considered Basden's physical examinations, diagnostic test results, effectiveness of pain medication, and other evidence contained in treatment notes from her physician. (Tr. 27-33). For the reasons explained below, there is substantial evidence to support the ALJ's RFC assessment.

#### 1. Medical Evidence Supports the ALJ's RFC Assessment

Basden argues the ALJ's RFC assessment is not supported by substantial evidence because no medical source opinions were made available to the ALJ prior to making the RFC

assessment.  As Basden concedes, however, there is no express requirement that an ALJ's RFC finding be based on a medical source opinion or a medical source statement.  (Doc. 9 at 5, 10). Although the Regulations allow an ALJ to request and consider a medical source opinion, 20 C.F.R. § 404.1529(b), there is no express requirement he do so.  The task of determining a claimant's RFC and ability to work is within the providence of the ALJ, not doctors.  20 C.F.R. § 404.1527(d), SSR 96-5p, 1996 WL 374183; *see also Robinson v. Astrue*, 365 Fed. App'x 993, 999 (11th Cir. 2010).  An ALJ does not need a medical source opinion to inform his RFC finding and may properly base his RFC finding on his evaluation of the medical and non-medical evidence of record.

Here, the ALJ considered records from Dr. Putnam, a general practitioner who evaluated Basden as to several medical conditions, including routine illnesses, chronic obstructive pulmonary disease ("COPD"), sinus pain, carpal tunnel syndrome, and chest tightness. (Tr. 27). Importantly, Dr. Putnam treated Basden for shoulder pain, and eventually diagnosed her with rheumatoid arthritis. (*Id.*).  After this diagnosis, Dr. Putnam referred Basden to Dr. Vijay Jampala, a rheumatologist. (*Id.*). The ALJ also considered records from Dr. Jampala.  These records included Dr. Jampala's diagnosis of Basden with early rheumatoid arthritis, as well as several lab tests and exams conducted by Dr. Jampala on no fewer than six separate occasions between October 2008 and September 10, 2009.  (Tr. 28-30).  Additionally, the ALJ considered records from Dr. Jampala, Dr. Kubrik, Dr. Alexander, and Dr. Putnam after the alleged onset date of October 23, 2008. (Tr. 30-33).

The ALJ's RFC finding is supported by substantial medical evidence, and he was under no obligation to use a medical source opinion. *See Green v. Social Security Administration*, 223 Fed. App'x 915 (11th Cir. 2007); *Langely v. Astrue*, 777 F. Supp. 2d 1250, 1261 (N.D. Ala.

2011). Basden cannot rely on the absence of a medical source opinion to discount medical records and opinions that support the ALJ's determination that she is not disabled. Basden's argument the ALJ's determination is not supported by substantial evidence because he did not consider a medical source opinion is without merit.

### 2.     The ALJ Met the Function-by-Function Analysis Requirements

Basden also summarily contends the ALJ's decision is not supported by substantial evidence because the ALJ did not perform a function-by-function analysis in his opinion prior to determining Basden's RFC. This argument is unpersuasive. The ALJ's thorough discussion of the medical evidence and citations to the regulatory definition of light work is sufficient to meet the function-by-function assessment requirements. *See e.g, Castel v. Comm'r of Social Sec.*, 355 Fed. App'x 260, 263 (11th Cir. 2009) (holding the ALJ performed a proper function-by-function analysis where the ALJ discussed the medical evidence supporting the RFC and the RFC finding was based on substantial evidence).

An RFC is a function-by-function assessment of an individual's ability to do work-related activities based upon all of the relevant evidence. 20 C.F.R. § 404.1545(a). An ALJ performs this assessment when, as part of his RFC determination, he assesses the claimant's functional limitations and restrictions and then expresses these functional limitations in terms of exertional levels. *Castel v. Comm'r of Soc. Sec.*, 355 Fed. App'x 260, 263 (11th Cir. 2009); *Freeman v. Barnhart*, 220 Fed. App'x 957, 959-60 (11th Cir. 2007).

In making his determination the ALJ must consider all the relevant evidence, including:

> medical history, medical signs and laboratory findings, the effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication), reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, including pain, that are reasonably attributed to a

> medically determinable impairment, evidence from attempts to work, need for a structured living environment, and work evaluations, if available.

SSR 96-8p at *4-*5. An ALJ is not required to "specifically refer to every piece of evidence in his decision," so long as the decision is sufficient to show that the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); *see also Castel*, 355 Fed. App'x at 263.

The record reveals that the ALJ assessed Ms. Basden's functional limitations and considered all the relevant evidence. Before expressing her RFC finding as an exertional level, the ALJ noted and discussed Ms. Basden's testimony at the review hearing, where she discussed her daily activities, difficulties standing, walking, and using her hands, (tr. 25-27); summarized the records from Ms. Basden's doctors to include her ability to complete handwritten forms, (tr. 27-30); noted findings regarding Basden's limited right shoulder motion, (tr. 27); and noted Dr. Jampala's opinion that she was able to do some "light work,"[7] (tr. 28). The ALJ properly performed an RFC analysis, and as noted above, the analysis is supported by substantial evidence.

### 3. The VE's Testimony Was Proper

Basden contends the ALJ's decision is not supported by substantial evidence because the ALJ used testimony of a vocational expert that was unreliable in making his determination Basden could perform other jobs in the national economy. (Doc. 9 at 9-10). This argument also fails.

---

[7] Plaintiff urges that the court should not consider this statement by Dr. Jampala since it is a "term of art" defined by the Social Security Administration (Doc. 9 at 7). The court does not consider this statement, in and of itself, to support the ALJ's determination that Basden is capable of light work. However, the statement helps to show that the ALJ considered all of the relevant medical evidence in this case in making his RFC determination in accordance with SSR 96-8p.

An ALJ may use a vocational expert to provide evidence to meet the Commissioner's burden of showing there are jobs the claimant can perform that are available in significant numbers in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). To successfully do so the ALJ must pose a hypothetical question to the vocational expert which identifies all of the claimant's impairments. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). The hypothetical need not include every symptom of the claimant. *Id.*

The ALJ used a hypothetical when questioning the VE. (Tr. 86-87). Accordingly, he was entitled to rely on the VE's testimony in determining that there are jobs in the economy Basden could perform despite her limited residual functioning capacity. Basden has not refuted the VE's testimony, but instead argues the jobs identified by the VE and adopted by the ALJ would not be a good "fit." (Doc. 9 at 9). This is not sufficient. Basden has cited to no portions of the record, her medical history, or any other information to show the VE's testimony was incorrect. The VE's testimony was proper and constitutes substantial evidence in support of the ALJ's opinion.

### C. The ALJ Properly Applied the Medical Vocational Rules

Lastly, Basden contends the ALJ erred when he did not classify her work abilities as consistent with sedentary work, and if the ALJ had done so, the Medical Vocational Rule 201.14 would apply and mandate a finding of disabled. (Doc. 9 at 8). The argument the ALJ erred when he did not classify her work abilities as consistent with sedentary work, is simply a restatement of Basden's previous RFC arguments. To the extent Basden argues the ALJ misapplied the Medical Vocational Rules, he did not.

Medical Vocational Rule 201.14 dictates that a claimant who meets the following criteria is disabled: (1) can only perform sedentary work; (2) a high school graduate or more; (3) closely

approaching advanced age; and (4) does not have transferable skills. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 2, Rule 201.14. Because Basden is not a high school graduate, Medical Vocational Rule 201.14 does not apply. (*See* Tr. 73-74). Instead, Medical Vocational Rule 201.10 would apply, which is substantively the same.

These rules, however, apply only when the claimant can perform only sedentary work, that is, if the claimant cannot perform light work. Here, the ALJ found Basden capable of performing light work with some limitations.[8] (Tr. 33-34). If the ALJ found Basden could do the full range of light work without limitations then the Medical Vocational Rules would have mandated a finding of <u>not</u> disabled. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 2, Rule 201.14. Accordingly, because Basden did not come within either of these rules, the Medical Vocational Rules did not mandate the ALJ's decision. Instead, the ALJ was permitted to use them as a framework, as he did, and supplement them by testimony from a VE in making his determination there were jobs in the national economy Basden could perform. (Tr. 34); *see Wolfe v. Chater*, 86 F.3d 1072, 1077-78 (11th Cir. 1996). Basden's argument the ALJ's opinion was not supported by substantial evidence based on an incorrect application of the Medical Vocational Guidelines fails for the reasons already discussed at length above.

---

[8] To the extent Basden argues the ALJ's determination of her RFC was incorrect, the Medical Vocational Guidelines are not relevant; they are only applied after the claimant has been categorized as being able to perform none, sedentary, light, or moderate work. As noted above the ALJ's determination that Basden could perform light work with some restrictions was supported by substantial evidence.

## VI. Conclusion

Because the Commissioner's decision is based on substantial evidence, it is AFFIRMED and this action will be DISMISSED WITH PREJUDICE. A separate order will be entered.

DONE this 27th day of March, 2014.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE